IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPFOLIO, INC.,<br>a Delaware corporation,<br><br>Defendant. | Case No.: 1:20-cv-03563<br><br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Complaint") for a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 56(a)(1), and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a).  Defendant has waived service of the summons and the Complaint.  Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FCRA, 15 U.S.C. §§ 1681–1681x, in the sale of Consumer Reports.

3.     Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits to the facts necessary to establish jurisdiction.

4.     Defendant waives any claim that it has under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.     Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Consumer Report**" means any written, oral, or other communication of any information by a Consumer Reporting Agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for a Permissible Purpose.

B.     "**Consumer Reporting Agency**" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

C.     "**Defendant**" means AppFolio, Inc., a Delaware corporation, and its successors and assigns.

D.  **"Permissible Purpose"** means:

1. In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury; or

2. In accordance with the written instructions of the consumer to whom it relates; or

3. To a person which the Consumer Reporting Agency has reason to believe:

    a) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

    b) intends to use the information for employment purposes; or

    c) intends to use the information in connection with the underwriting of insurance involving the consumer; or

    d) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

    e) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

    f) otherwise has a legitimate business need for the information:

        i. in connection with a business transaction that is initiated by the consumer; or

        ii.    to review an account to determine whether the consumer continues to meet the terms of the account; or

    g)    executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards; or

4.    In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the Consumer Reporting Agency that:

    a)    the Consumer Report is needed for the purpose of establishing an individual's capacity to make child support payments, determining the appropriate level of such payments, or enforcing a child support order, award, agreement, or judgment;

    b)    the parentage of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws); and

    c)    the Consumer Report will be kept confidential, will be used solely for a purpose described in subparagraph (a), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose; or

5.    To an agency administering a State plan under section 654 of title 42 for use to set an initial or modified child support award; or

6.    To the Federal Deposit Insurance Corporation or the National Credit Union Administration as part of its preparation for its appointment or as part of its exercise of powers, as conservator, receiver, or liquidating agent for an insured depository institution

or insured credit union under the Federal Deposit Insurance Act or the Federal Credit Union Act, or other applicable Federal or State law, or in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union, as applicable.

## ORDER

### I.     PROHIBITED BUSINESS ACTIVITIES

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with operating as a Consumer Reporting Agency, are hereby permanently restrained and enjoined from:

A.  Making any Consumer Report containing any of the following items of information:

  1.  Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven (7) years or until the governing statute of limitations has expired, whichever is the longer period; and

  2.  Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven (7) years.

B.  Failing to maintain reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a Consumer Report relates.

### II.    MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of four million two hundred fifty thousand dollars ($4,250,000) is entered in favor of Plaintiff against Defendant as a civil penalty.

B.      Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, four million two hundred fifty thousand dollars ($4,250,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

### III.     ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendant relinquishes dominion and all legal and equitable right, title and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.      Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

### IV.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.      Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For three (3) years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees

having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## V.      COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.      One (1) year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury: Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including a description of any products and services that involve Consumer Reports; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For ten (10) years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in (a) any

designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant within fourteen (14) days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: United States v. AppFolio, Inc.

## VI.    RECORDKEEPING PROVISIONS

IT IS FURTHER ORDERED that Defendant must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically, in connection with providing Consumer Reports, Defendant must create and maintain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each employee: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.     All employee training materials concerning the subject matter of the Order; and

E.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission or Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.	The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2020.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

|  |  |
|---|---|
|  | **FOR THE UNITED STATES** |
|  |  |
|  | JEFFREY BOSSERT CLARK |
|  | Acting Assistant Attorney General |
|  | Civil Division |
|  |  |
|  | DANIEL J. FEITH |
|  | Deputy Assistant Attorney General |
|  |  |
|  | GUSTAV W. EYLER (D.C. Bar No. 997162) |
|  | Director, Consumer Protection Branch |
|  |  |
|  | LISA K. HSIAO (D.C. Bar No. 444890) |
|  | Assistant Director |
|  |  |
| Dated:  December 8, 2020 | /s/ Zachary A. Dietert |
|  | ZACHARY A. DIETERT (D.C. Bar No. 1003784) |
|  | Trial Attorney |
|  | Consumer Protection Branch |
|  | U.S. Department of Justice |
|  | 450 5th Street, NW, Ste. 6400-South |
|  | Washington, DC 20530 |
|  | Telephone: (202) 532-4892 (Hsiao) |
|  | (202) 616-9027 (Dietert) |
|  | Fax: (202) 514-8742 |
|  | Email: Lisa.K.Hsiao@usdoj.gov |
|  | Zachary.A.Dietert@usdoj.gov |
|  |  |
|  | *Counsel for the United States* |

|  | **FOR FEDERAL TRADE COMMISSION** |
|---|---|
| Dated: December 2, 2020 | _/s/ Tiffany George_<br>TIFFANY GEORGE (N.Y. Bar No. 4023248)<br>WHITNEY MOORE (D.C. Bar No. 496842)<br>JARAD BROWN (CA Bar No. 294516)<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>600 Pennsylvania Ave, NW, Mail Stop CC-8232<br>Washington, DC 20580<br>(202) 326-3040 (George)<br>(202) 326-2645 (Moore)<br>(202) 326-2927 (Brown)<br>(202) 326-3392 (fax)<br>tgeorge@ftc.gov<br>wmoore@ftc.gov<br>jbrown4@ftc.gov<br><br>*Counsel for Federal Trade Commission* |

FOR DEFENDANTS:

Dated: July 24, 2020

PAMELA Q. DEVATA
Seyfarth Shaw LLP
223 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
(312) 460-5882; pdevata@seyfarth.com
(312) 460-7000 (fax)

*Counsel for Defendant AppFolio, Inc.*

FOR DEFENDANT APPFOLIO, INC.

Dated: July 27, 2020

JASON RANDALL
Chief Executive Officer

## CERTIFICATE OF SERVICE

I hereby certify that I emailed a true and correct copy of the foregoing document to Pamela Devata, attorney for Defendant, on December 8, 2020. Ms. Devata has agreed to accept service of this document by email on behalf of Defendant.

/s/ Zachary A. Dietert
ZACHARY A. DIETERT
(D.C. Bar No. 1003784)
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice